UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZONES, INC., a Washington corporation.,

    Plaintiff,

v.

EVERGREEN INFORMATION TECHNOLOGY SERVICES, INC., a Maryland corporation

    Defendant.

Case No. 2:17-cv-00457-RAJ

**ORDER ON ZONES' MOTION FOR ATTORNEYS' FEES**

## I. INTRODUCTION

This matter comes before the Court on the motion by Plaintiff Zones, Inc. ("Zones") for attorneys' fees. Dkt. # 31. The Court **GRANTS** the motion.

## II. BACKGROUND

On March 12, 2018, the parties entered into a Settlement Agreement to resolve all claims asserted in this lawsuit. Dkt. #26-2. Under the terms of the Settlement Agreement, Defendant Evergreen Information Techology Services, Inc. ("Evergreen") agreed to provide Zones with a signed and notarized Confession of Judgment. *Id.* at 3, 10–13. Although Evergreen signed both the Settlement Agreement and the Confession of Judgment, Evergreen failed to provide Zones with a notarized signature on the Confession of Judgment.

The Settlement Agreement gave Zones the ability to take immediate legal action against Evergreen upon breach. Dkt. # 26-2 at 3. The Settlement Agreement also contains

ORDER – 1

an attorneys' fees clause, which provides that in the event of breach, the non-prevailing party shall be liable to the prevailing party for all costs and expenses, including attorneys' fees, incurred in connection with enforcing the Agreement. *Id*. at 5.

On March 26, 2018, Zones filed a Motion to Enforce Settlement Agreement and for Entry of Judgment. Dkt. # 25. This Court granted Zones' motion on April 24, 2018. Dkt. # 29. The order states that "Evergreen shall pay all costs and expenses, including attorneys' fees, incurred by Zones in connection with enforcement of the Settlement Agreement" and that "Zones shall apply to this Court for an award for these additional amounts by way of cost bill, at which time this Court shall issue an amendment to this order adding the amount of these additional costs and ordering the entry of an amended judgment." *Id.* On May 10, 2018, filed this motion for attorneys' fees. Dkt. # 31.

### III. DISCUSSION

The Court turns to the calculation of attorneys' fees. The proper way for the Court to determine attorneys' fees and costs is by using the lodestar method. To calculate the lodestar amount, the Court multiplies the number of hours reasonably expended by the reasonable hourly rate. *In re Washington Pub. Power Supply Sys. Sec. Litig*., 19 F.3d 1291, 1295 n.2 (9th Cir. 1994); *United Steelworkers of Am. v. Phelps Dodge Corp*., 896 F.2d 403, 406 (9th Cir. 1990); *Bowers v. Transamerica Title Ins. Co*., 100 Wash. 2d 581, 597 (1983). The hours reasonably expended must be spent on claims having a "common core of facts and related legal theories." *Martinez v. City of Tacoma*, 81 Wash. App. 228, 242–43 (1996); *Webb v. Sloan*, 330 F.3d 1158, 1168-69 (9th Cir. 2003). The Court discounts hours spent on unsuccessful claims, overstaffing, duplicated or wasted effort, or otherwise unproductive time. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *Bowers*, 100 Wash. 2d at 597, 600. The Court may adjust the lodestar calculation "up or down to reflect factors, such as the contingent nature of success in the lawsuit or the quality of legal representation, which have not already been taken into account in computing the 'lodestar' and which are

ORDER – 2

shown to warrant the adjustment by the party proposing it." *Id.* at 594 (citing *Miles v. Sampson*, 675 F.2d 5, 8 (1st Cir. 1982)) (emphasis in original); *see also Chalmers*, 796 F.2d at 1212.

### i. Reasonably Hourly Rate

The established rate for billing clients may be a reasonable hourly rate, but it is not conclusive. *Bowers*, 100 Wash. 2d at 597. In addition to the established rate, the court may consider the level of skill required by the litigation, time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case. *Id.*; *see also Chalmers*, 796 F.2d at 1210-11. Affidavits of the attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for an attorney, are satisfactory evidence of the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

The hourly rates of Zones' counsel are reasonable based on counsel's relative experience and prevailing market rates. *See* Dkt. # 32. Maria Milano has 19 years of experience and billed at a rate of $490 per hour. *Id.*, ¶ 5. Zones' lead counsel, Ward Morrison, has 29 years of experience and billed at a rate below that. *Id.*, ¶ 4. The reasonableness of these rates is supported by this district's case law. *See Paulson v. Principal Life Ins. Co.*, 16-5268 RBJ, 2017 WL 4843837, at *4 (W.D. Wash. Oct. 26, 2017) (approving hourly rate of $500 for attorney with approximately 20 years of experience); *see also Lauer v. Longevity Med. Clinic PLLC*, C13-0860 JCC, 2016 WL 2595122, at *3 (W.D. Wash. May 4, 2016) (approving hourly rate of $500).

The same is true regarding the rates of Shata Stucky and Laura Hansen. This Court recently approved rates of $350, $295, and $290 per hour for associate attorneys. *WhoToo, Inc. v. Dun & Bradstreet, Inc.*, C15-1629-RAJ, 2017 WL 3485735, at *2 (W.D. Wash.

ORDER – 3

Aug. 15, 2017). Stucky and Hansen are associates with comparable hourly rates. Dkt. # 32 at 2.

### ii. Reasonableness of the Hours

The attorneys seeking fees must provide "reasonable documentation of the work performed" in order to allow the court to assess whether the number of hours expended was reasonable. *McGreevy v. Or. Mut. Ins. Co.*, 951 P.2d 798, 802 (Wash. App. 1998). The court will "exclude from the requested hours any wasteful or duplicative hours and any hours pertaining to unsuccessful theories or claims." *Mahler v. Szucs*, 957 P.2d 632, 651 (Wash. 1998), *overruled on other grounds by Matsyuk v. State Farm Fire & Cas. Co.*, 272 P.3d 802 (Wash. 2012). Further, the Ninth Circuit has held it is reasonable for a district court to conclude that the party seeking attorneys' fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on specific activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

As detailed in counsel's billing records, Zones' counsel spent a total of 30.2 hours in connection with Zones' enforcement of the Settlement Agreement. Dkt. # 32. The Court has reviewed the summary of time and finds that it is adequately detailed and that the hours were reasonably expended. *See* Dkt. # 32-1. Accordingly, the Court awards $11,124 in attorneys' fees.

### III. CONCLUSION

For the reasons stated above, the Court awards Zones' counsel fees in the amount of $11,124.

DATED this 18th day of December, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4